# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| THE PORTER CASINO RESORT, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 18-cv-2231-SHM-dkv<br>)<br>) |
| GEORGIA GAMING INVESTMENT, LLC, AND TENNESSEE HOLDING INVESTMENTS, LLC, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**ORDER**

Before the Court is Defendants Georgia Gaming Investment, LLC and Tennessee Holding Investments, LLC's Motion to Dismiss, or in the Alternative, Transfer Venue to the Northern District of Georgia, filed on April 13, 2018. (ECF No. 7.) Plaintiff The Porter Casino Resort, Inc. responded on May 10, 2018. (ECF No. 9.)

On February 27, 2018, Plaintiff filed a complaint against Defendants in the Chancery Court of the Thirtieth Judicial District in Memphis, Tennessee. (ECF No. 1-1 at 9.) Plaintiff alleges breach of contract and seeks a declaratory judgment. (Id. at 13-14.)

On April 6, 2018, Defendants filed a Notice of Removal, asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, ECF No. 1 at 2.) Defendants represent that Plaintiff is a Tennessee corporation with its principal place of business in Memphis. (Id.) They also represent that:

> Defendant Georgia Gaming Investment, LLC, is a Georgia limited liability company with a principal office located at 5675 Jimmy Carter Boulevard, Suite 110, Norcross, Georgia 30071. Defendant Tennessee Holding Investments, LLC, is a Georgia limited liability company with a principal office located at 7731 Nashville Street, Ringgold, Georgia 30736. . . . Thus, Plaintiff is a resident of the State of Tennessee and the Defendants are residents of the State of Georgia.

(Id.)

It is unclear from the complaint and Notice of Removal whether there is complete diversity between Plaintiff and Defendants. "[A] party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction." Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999) (quotation marks omitted).

Under 28 U.S.C. § 1332(a), this Court has original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C.

§ 1332(a)(1). A party seeking to establish diversity jurisdiction for a limited liability company must allege the citizenship of all persons or entities that are members of the limited liability company, including other limited liability companies and persons having membership interests. See Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 579 (2004) (emphasis added) (citing Carden v. Arkoma Assocs, 494 U.S. 185, 195 (1990)); V & M Star, LP v. Centimark Corp., 596 F.3d 354, 356 (6th Cir. 2010) ("[L]imited liability companies 'have the citizenship of each partner or member.'" (quoting Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir.2009))). "[B]ecause a member of a limited liability company may itself have multiple members -- and thus may itself have multiple citizenships -- the federal court needs to know the citizenship of each 'sub-member' as well." Delay, 585 F.3d at 1005.

The Court has an independent obligation to ensure that it has subject-matter jurisdiction. Douglas v. E.G. Baldwin & Assocs., Inc., 150 F.3d 604, 607 (6th Cir. 1998), abrogated on other grounds by Thomas v. Miller, 489 F.3d 293 (6th Cir. 2007). Plaintiff has not alleged any claims arising under federal law. Defendants have not alleged any persons or entities holding membership interests in Georgia Gaming

Investment, LLC or Tennessee Holding Investments, LLC. It is not apparent from the complaint, Notice of Removal, or from review of the record that there is complete diversity.

Defendants are ORDERED to submit evidence sufficient to establish that there is complete diversity between Plaintiff and Defendants within fourteen (14) days of the entry of this Order.

So ordered this 28th day of June, 2018.

                                             */s/ Samuel H. Mays, Jr.*
                                             SAMUEL H. MAYS, JR.
                                             UNITED STATES DISTRICT JUDGE