IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| THE PORTER CASINO RESORT, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 18-cv-2231-SHM-dkv |
| Plaintiff, | | |
| v. | | |
| GEORGIA GAMING INVESTMENT, LLC, and TENNESSEE HOLDING INVESTMENTS, LLC, | | |
| Defendants. | | |

**ORDER**

Before the Court is Defendants Georgia Gaming Investment, LLC and Tennessee Holding Investments, LLC's Motion to Dismiss, or in the Alternative, Transfer Venue to the Northern District of Georgia (the "Motion to Dismiss"), filed on April 13, 2018. (ECF No. 7.) Plaintiff The Porter Casino Resort, Inc. responded on May 20, 2018. (ECF No. 9.)

For the following reasons, Defendants' Motion to Dismiss is DENIED.

I. **Background**

This action arises from an alleged breach of contract to fund the purchase of a casino in Tunica, Mississippi. (Compl.

ECF No. 1-1 at 9.)[1]

In 2017, Plaintiff approached Defendants about an opportunity to purchase a casino in Mississippi. (Id. at 10.) On August 29, 2017, Plaintiff and Defendant Georgia Gaming Investment, LLC executed a Subscription Agreement. (Id.) The same day, Plaintiff and Defendant Tennessee Holding Investments, LLC executed an identical Subscription Agreement. (Id.)

The Subscription Agreements (collectively, the "Agreements") require Defendants "to make equity investments" prior to the purchase of the casino and to provide additional funds for "operating capital after closing" on the purchase. (Id. at 11.) The Agreements contain a provision titled, "Legal and Jurisdiction Matters." (Ex. A, ECF No. 1-1 at 22; id. at 34.) That provision reads:

> As part of the consideration for this Subscription Agreement, it is expressly agreed that the proper court for litigation of any matter arising out of this Subscription Agreement shall be in the city of Memphis, Tennessee, United States of America. In the event of litigation to enforce any of the provision [sic] of this Subscription Agreement, the prevailing party shall be entitled to recover all reasonable attorneys' fees and costs. Any party who commences an action outside of the city of Memphis, in the State of Tennessee, U.S.A., (except for litigation to enforce a judgment of a court siting in Memphis, or

---

[1] Unless otherwise noted, citations to the record refer to the "PageID" number.

2

> equitable relief awarded by such a court) waives the
> right to recover any legal fees including attorney's
> fees and court costs. All matters shall be
> controlled by the laws of the state of Tennessee,
> except to the extent that the Tennessee conflict of
> law rule would require application of the law of a
> jurisdiction other than Tennessee.

(Ex. A, ECF No. 1-1 at 22-23; id. at 34-35.)

On or about September 15, 2017, Defendants paid Plaintiff $1.5 million. (Compl., ECF No. 1-1 at 11.)

At some point, Defendants allegedly began to frustrate Plaintiff's efforts to acquire the casino so that Defendants could obtain a refund of their $1.5 million. (Id. at 11-12.)[2] Defendants "threatened to take action to render the [purchase] impossible; . . . [took] such actions; and . . . threatened to take further such actions. (Id. at 12.)

As a result of Defendants' attempts to thwart the purchase of the casino, the seller demanded that Plaintiff make a refundable cash deposit of $15 million. (Id. at 12.)

On November 14, 2017, Defendants sent Plaintiff a letter, demanding that Plaintiff "unilaterally delay" purchase of the casino, "refus[ing] to consent to any transaction documents regarding [the purchase] 'at this time[,]'" and "demand[ing] a return of the [$1.5 million] that they had paid in September." (Id. at 12-13.)

---

[2] The complaint does not allege when Defendants began this behavior.

3

Plaintiff did not purchase the casino.  (Id. at 13.)

On February 27, 2018, Plaintiff filed a complaint against Defendants in the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis.  (Id. at 9.)  Plaintiff alleges breach of contract and seeks a declaratory judgment.  (Id. at 13-14.)

On April 6, 2018, Defendants filed a Notice of Removal, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  (Notice of Removal, ECF No. 1 at 2.)

On April 13, 2018, Defendants filed the Motion to Dismiss.  (ECF No. 7.)  Plaintiff responded on May 10, 2018.  (ECF No. 9.)  Defendants have not replied, and the deadline to do so has passed.

**II. Jurisdiction & Choice of Law**

   **A. Jurisdiction**

The Court has diversity jurisdiction under 28 U.S.C. § 1332.  A federal district court has original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)(1).

Plaintiff is a Tennessee corporation with its principal place of business in Tennessee.  (Compl., ECF No. 1-1 at 9.)

4

Defendant Georgia Gaming Investments, LLC is a Georgia limited liability company, whose two sole members reside in Georgia. (ECF No. 19.) See V & M Star, LP v. Centimark Corp., 596 F.3d 354, 356 (6th Cir. 2010) ("[L]imited liability companies 'have the citizenship of each partner or member.'" (quoting Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009))). Defendant Tennessee Holding Investments, LLC is a Georgia limited liability company, whose sole member resides in Georgia. (ECF No. 18.) See V & M Star, LP, 596 F.3d at 356. There is complete diversity. Cf. 28 U.S.C. § 1332(a)(1).

Plaintiff seeks "not less than $1,500,000, plus such interest as allowed by law, attorneys fees and damages as allowed by law." (Compl., ECF No. 1-1 at 14.) The amount in controversy is satisfied. Cf. 28 U.S.C. § 1332(a)(1). The Court has diversity jurisdiction.

**B. Choice of Law**

A federal district court is required to apply the choice-of-law rules of the forum in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998). Tennessee follows the rule of *lex loci contractus*, meaning that a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary

intent.  Ohio Cas. Ins. Co. v. Travelers Indem. Co., 493 S.W.2d 465, 467 (Tenn. 1973).

If the parties manifest an intent to apply the laws of another jurisdiction, that intent will be honored provided: (1) the choice of law provision must be executed in good faith, (2) the "chosen jurisdiction must bear a material connection to the transaction," (3) the "basis for the choice of law must be reasonable," and (4) the choice of "another jurisdiction's law must not be 'contrary to a fundamental policy of a state having a materially greater interest and whose law would otherwise govern.'"  Messer Griesheim Indus., Inc. v. Cryotech of Kingsport, Inc., 131 S.W.3d 457, 474-75 (Tenn. Ct. App. 2003); Vantage Technology, LLC v. Cross, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999).

The Agreements contain a choice-of-law provision.  (Ex. A, ECF No. 1-1 at 22-23; id. at 34-35.)  The parties do not dispute the enforceability of that provision.  Neither party has objected to the application of Tennessee law.

Because the Agreements provide for Tennessee law and because the parties have not established that the choice-of-law provisions should not be honored, the Court will apply Tennessee substantive law and will not conduct a choice-of-law analysis *sua sponte*.  See GBJ Corp. v. E. Ohio Paving Co., 139

F.3d 1080, 1085 (6th Cir. 1998) (finding courts need not analyze choice of law questions *sua sponte*); <u>Bell v. Infinity Data Corp.</u>, No. 05-2361 MA/V, 2006 WL 2323133, at *2 (W.D. Tenn. Aug. 9, 2006) (applying <u>GBJ Corp.</u> where disputed contract contained choice-of-law provision).

### III. Standard of Review

#### A. Motion to Dismiss for Lack of Personal Jurisdiction

When considering a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), a federal court looks first to the long-arm statute of the state in which it sits to determine the appropriate limitations on personal jurisdiction. <u>See</u> <u>Aristech Chem. Int'l Ltd. v. Acrylic Fabricators, Ltd.</u>, 138 F.3d 624, 627 (6th Cir. 1998). The court then assesses the exercise of jurisdiction, if any, under due process requirements. Federal Rule of Civil Procedure 4(k)(1)(a); <u>see</u> <u>CompuServe, Inc. v. Patterson</u>, 89 F.3d 1257, 1262 (6th Cir. 1996); <u>Bird v. Parsons</u>, 289 F.3d 865, 871 (6th Cir. 2002).

The jurisdictional limits of Tennessee law and of the federal law of due process are identical. <u>Intera Corp. v. Henderson</u>, 428 F.3d 605, 616 (6th Cir. 2005); <u>First Cmty. Bank, N.A. v. First Tennessee Bank, N.A.</u>, 489 S.W.3d 369, 384 (Tenn. 2015), <u>cert. denied</u> <u>sub nom.</u> <u>Fitch Ratings, Inc. v. First Cmty. Bank, N.A.</u>, 136 S. Ct. 2511, 195 L. Ed. 2d 841 (2016); Tenn.

7

Code Ann. § 20-2-223(a).[3] The Court need only decide whether exercising personal jurisdiction over Defendants is consistent with federal due process requirements. Bridgeport Music, Inc. v. Still N The Water Pub., 327 F.3d 472, 477 (6th Cir. 2003).

The Due Process Clause requires that a non-resident defendant have at least "certain minimum contacts with the [forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

"There are two kinds of personal jurisdiction within the Federal Due Process inquiry: (1) general personal jurisdiction, where the suit does not arise from defendant's contacts with the forum state; and (2) specific jurisdiction, where the suit

---

[3] Tenn. Code Ann. § 20-2-223(a) provides in pertinent part:
    (a) A court may exercise personal jurisdiction over a person, who acts directly or indirectly, as to a claim for relief arising from the person's:
        (1) Transacting any business in this state;
        (2) Contracting to supply services or things in this state;
        (3) Causing tortious injury by an act or omission in this state;
        (4) Causing tortious injury in this state by an act or omission outside this state of the person who regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
    . . . .
Tenn. Code Ann. § 20-2-223(a).

does arise from the defendant's contacts with the forum state." Conn v. Zakharov, 667 F.3d 705, 712–13 (6th Cir. 2012).

General jurisdiction allows a plaintiff to sue a defendant "on any and all claims," regardless of the connection (or lack thereof) between the claim and the forum. Maxitrate Tratamento Termico E Controles v. Super Sys., Inc., 617 F. App'x 406, 408 (6th Cir. 2015), cert. denied sub nom. Maxitrate Tratamento Termico E Controles v. Allianz Seguros S.A., 136 S. Ct. 336 (2015) (citing Daimler AG v. Bauman, 134 S. Ct. 746, 769 (2014)).

Specific jurisdiction "exposes the defendant to suit in the forum state only on claims that arise out of or relate to a defendant's contacts with the forum." Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 149 (6th Cir. 1997). The Sixth Circuit has established a three-part test for determining whether there is specific jurisdiction:

> First, the defendant must purposefully avail [himself] of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

S. Mach. Co. v. Mohasco, 401 F.2d 374, 381 (6th Cir. 1968);[4] see also Harmer v. Colom, 650 F. App'x 267, 272 (6th Cir. 2016).

When a defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "[t]he plaintiff bears the burden of making a *prima facie* showing of the court's personal jurisdiction over the defendant." Intera Corp., 428 F.3d at 615. A plaintiff "can meet this burden by 'establishing with reasonable particularity sufficient contacts between [a defendant] and the forum state to support jurisdiction.'" Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002) (quoting Provident Nat'l Bank v. Cal. Fed. Sav. Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987)).

When the court does not conduct an evidentiary hearing on personal jurisdiction, it must "not consider the facts proffered by the defendant that conflict with those offered by the plaintiff, and will construe the facts in the light most favorable to the nonmoving party." Id. (citation omitted).

---

[4] Since the Sixth Circuit stated this test, the Tennessee Long Arm Statute has changed "from a 'single act' statute [in which jurisdiction was assumed only over causes of action arising out of the defendant's activities in the state] to a 'minimum contacts' statute which expanded the jurisdiction of Tennessee courts to the full limit allowed by due process." UPS v. Buck Fever Racing, Inc., No. 03A01-9609-CH-00288, 1996 WL 739296, at *2 (Tenn. Ct. App. Dec. 24, 1996). Nevertheless, the three-part test is "to be considered in determining whether the requisite minimum contacts [are] present. . . ." Id.

**B. Motion to Dismiss for Improper Venue**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3), the burden is on the plaintiff to prove that venue is proper. See 14D Charles Alan Wright, et al., Federal Practice and Procedure, § 3826 (4th ed. 2018) (noting "that when the defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue"); see also Gone To The Beach, LLC v. Choicepoint Servs., Inc., 434 F.Supp.2d 534, 536–37 (W.D. Tenn. 2006) (On a 12(b)(3) motion to dismiss, "the plaintiff bears the burden of proving that venue is proper.").

On a motion to dismiss for improper venue, the court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. Thurman v. Michael W. Boyd Law Firm, No. 12-2709-JDT-TMP, 2013 WL 1103645, at *2 (W.D. Tenn. Mar. 15, 2013) (quoting Receiver of the Assets of Mid–Am. Energy, Inc. v. Coffman, 719 F.Supp.2d 884, 890 (M.D. Tenn. 2010)).

Under 28 U.S.C. § 1391, venue is proper in:

> (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim

> occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

If a defendant prevails on a Rule 12(b)(3) challenge, the court may dismiss the action or transfer it to an appropriate court pursuant to 28 U.S.C. § 1406(a). Van Dusen v. Barrack, 376 U.S. 612, 634 (1964) ("[Section] 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, [section] 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege."); cf. Flynn v. Greg Anthony Constr. Co., 95 F. App'x 726, 738 (6th Cir. 2003) (applying § 1406 when the court lacked personal jurisdiction over a party).

Dismissal is appropriate where there is no plausible reason for failing to originally file in a court with proper venue. See Stanifer v. Brannan, 564 F.3d 455, 458 (6th Cir. 2009).

### C. Motion to Transfer Venue Under § 1404

If the defendant does not dispute that venue is proper, he may move to transfer to a better-suited venue under 28 U.S.C.

§ 1404. K-Tex, LLC v. Cintas Corp., 693 F. App'x 406, 409 (6th Cir. 2017) ("Section 1404(a) applies for cases brought in a court where venue is proper; § 1406 for cases brought in an improper venue."). Where venue is proper and there is personal jurisdiction, § 1404(a) is the vehicle for transfer. See Martin v. Stokes, 623 F.2d 469, 474 (6th Cir. 1980); Blue Ash Dev., Inc. v. Polan, 74 F.3d 1240, 1996 WL 1828, at *1 (6th Cir. 1996) (per curiam) (unpublished table decision).

Section 1404(a) permits a district court to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

## IV. Analysis

Defendants seek dismissal of Plaintiff's complaint based on lack of personal jurisdiction under Rule 12(b)(2) and improper venue under Rule 12(b)(3). (ECF Nos. 7, 7-1.) Defendants alternatively seek to transfer venue to the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1404. (ECF Nos. 7, 7-1.)

### A. Personal Jurisdiction

Defendants argue that the Court lacks specific and general personal jurisdiction over them. Defendants contend that

"Plaintiff has plead [sic] no facts that demonstrate that this Court has jurisdiction over either Defendant . . . [or] that show that either Defendant has had any contact with the forum state of Tennessee." (ECF No. 7-1 at 52.) Defendants represent that they have not "transacted business in the State of Tennessee, and neither Defendant has entered into a contract for services to be rendered in the State of Tennessee." (Id.) Defendants contend that, "[b]ecause the Plaintiff's Complaint provides no basis for this Court to assert personal jurisdiction over either Defendant, this Court should dismiss Plaintiff's Complaint under Rule 12(b)(2) of the FED. R. CIV. P. for lack of personal jurisdiction. . . ." (Id. at 51.)

Plaintiff contends that the Court has personal jurisdiction over Defendants because they consented to personal jurisdiction in Tennessee by agreeing to the forum selection clause in the Agreements. (ECF No. 9 at 68.) The Agreements provide, in relevant part, that "it is expressly agreed that the proper court for litigation of any matter arising under this Subscription Agreement shall be in the city of Memphis in the State of Tennessee, United States of America." (ECF No. 1-1 at 24, 34-35.)

"The use of a forum selection clause is one way in which contracting parties may agree in advance to submit to the

jurisdiction of a particular Court." Preferred Capital, Inc. v. Associates in Urology, 453 F.3d 718, 721 (6th Cir. 2006). The presence of a valid and enforceable forum selection clause obviates the need to conduct a due-process and minimum-contacts analysis because that clause acts as consent to jurisdiction in the contracted-for forum. Id.

When a forum selection clause is raised as the sole basis for personal jurisdiction over a defendant, state law applies to the interpretation of the clause. Preferred Capital, Inc. v. Sarasota Kennel Club, Inc., 489 F.3d 303, 306-08 (6th Cir. 2007); see also Charles Alan Wright, et al., Federal Practice and Procedure § 3803.1 (4th ed. 2018). Tennessee courts applying Tennessee law have held that "[t]he issue of 'minimum contacts' for long arm jurisdiction is pretermitted, because the requirement of minimum contacts is satisfied by a valid, enforceable forum selection agreement." Cummings, Inc. v. H.I. Mayaguez, Inc., No. 92-1650-III, 1993 WL 398475, at *2 (Tenn. Ct. App. Oct. 1, 1993); see also Wachovia Commercial Mortgage, Inc. v. Sandhya Hotels, LLC, No. 05-2256 Ma/P, 2006 WL 1579570, at *6 (W.D. Tenn. June 2, 2006) (court had personal jurisdiction over the defendants pursuant to a forum selection clause). Under Tennessee law, "the validity or invalidity of a forum selection clause depends upon whether it is fair and

reasonable in light of all the surrounding circumstances attending its origin and application." Lamb v. Megaflight, 26 S.W.3d 627, 631 (Tenn. Ct. App. 2000) (citing Dyersburg Mach. Works, Inc. v. Rentenbach Eng'g Co., 650 S.W.2d 378, 380 (Tenn. 1983)). A forum selection clause may be unenforceable "if it results from misrepresentation, duress, abuse of economic power, or other unconscionable means." Id.

Defendants do not argue that the forum selection clause is unfair or unreasonable, or that it results from misrepresentation, duress, abuse of economic power, or other unconscionable means. There is no reason to declare the clause unenforceable. The Court has personal jurisdiction over Defendants because they have given their express consent to jurisdiction in the Agreements. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 11 (1972); Sec. Watch, Inc. v. Sentinel Sys., Inc., 176 F.3d 369, 375 (6th Cir. 1999); Dyersburg, 650 S.W.2d at 380.

### B. Venue

#### 1. Motion to Dismiss for Improper Venue

Although Tennessee courts are bound by Tennessee law, "federal law governs the inquiry when a federal court, sitting in diversity, evaluates a forum selection clause [under] . . . any federal statute." Wong v. PartyGaming Ltd., 589 F.3d 821,

826 (6th Cir. 2009); see also Elite Physicians Servs., LLC v. Citicorp Payment Servs., Inc., 1:05-cv-334, 2006 WL 752536, at *2 (E.D. Tenn. Mar. 17, 2006) ("The Court is directed in a diversity case removed from state court, such as this one, to use federal law, in deciding the validity of a venue-selection clause.") (citing Kerobo v. Sw. Clean Fuels, Corp., 285 F.3d 531, 538 (6th Cir. 2002)).

"As with personal jurisdiction, [a] [d]efendant may waive objection to venue, and courts will generally enforce waivers made by agreement." ViSalus, Inc. v. Smith, No. 13-10631, 2013 WL 2156031, at *8 (E.D. Mich. May 17, 2013); accord Cobble v. 20/20 Commc'ns, Inc., No. 2:17-CV-53-TAV-MCLC, 2018 WL 1026272, at *15 (E.D. Tenn. Feb. 23, 2018). "The principle that a valid forum-selection clause should be given controlling weight does not change depending on whether a plaintiff or a defendant moves for a change of venue. . . . [T]he principle applies even more strongly where, as here, the defendant seeks to transfer the case out of the agreed upon forum." Servpro Indus., Inc. v. JP Penn Restoration Servs., No. 3-16-0298, 2016 WL 5109947, at *2 (M.D. Tenn. Sept. 20, 2016).

Having found the forum selection clause enforceable, the Court finds venue in this forum is proper. Defendants' motion to dismiss based on improper venue is DENIED.

### 2. Motion to Transfer Venue

Defendants alternatively ask to transfer this case to the United States District Court for the Northern District of Georgia under § 1404. (ECF No. 7 at 48; ECF No. 7-1 at 53.) Defendants do not argue that the Northern District of Georgia is more convenient for parties or witnesses, or that transfer is in the interest of justice. They contend only that they are residents of Georgia. (ECF No. 7-1 at 53.)

Plaintiff contends that "Western District of Tennessee has a substantial connection to [its] claim." (ECF No. 9 at 73.) Plaintiff also argues that venue is proper "by virtue of the parties' forum selection clause." (Id. at 74 n.19 (citations omitted).)

"When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Atl. Marine Constr. Co. v. United States Dist. Court, 571 U.S. 49, 52 (2013). Transfer in the face of a forum selection clause is proper only in "exceptional cases" where the public interest factors favor litigating in the proposed alternative venue. Id. at 579.

Defendants make no argument for transferring venue under § 1404. No public interest factors favor transfer to the Northern District of Georgia in the face of the forum selection clause.

Defendants' motion to transfer venue to the Northern District of Georgia under § 1404 is DENIED.

## V. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED.

So ordered this 21st day of September, 2018.

                                       */s/ Samuel H. Mays, Jr.*
                                       SAMUEL H. MAYS, JR.
                                       UNITED STATES DISTRICT JUDGE